McBRIDE, Judge
(dissenting).
I cannot subscribe to the views expressed by the majority of the court and respectfully dissent. Involved in this case there is but a factual situation. The trial judge believed the testimony of plaintiff, and he, after all, was in the best position to evaluate the veracity of the witnesses. There is no manifest error in the judgment appealed from.
The majority opinion states that even if the testimony of the defendant and his witness is disregarded that plaintiff nevertheless cannot prevail for the reason that his own testimony shows that he was the guilty party and provoked the assault. There is no question that at the time the affray took place plaintiff was in an aggravated state of mind, and that he had words with the defendant. My appreciation of what happened, based upon the plaintiff’s testimony which the trial judge believed, is that plaintiff was merely remonstrating with defendant, who had told him to “shut your mouth.” The plaintiff was some five or six feet removed from defendant, and there is no suggestion in his testimony *519 which leads me to believe that he struck defendant or threatened to do so, or that his attitude was sufficient to place the defendant in fear of being struck. I do not think that the defendant had sufficient cause for throwing the bottle of milk. The two men were merely engaged in a battle of words.
The law covering this situation is tersely stated in 6 C.J.S., Assault and Battery, § 17, page 807, as follows:
“* * * no provocative acts, conduct, former insults, threats, or words, if unaccompanied by any overt act of hostility, will justify an assault, no matter how offensive or exasperating, nor how much they may be calculated to excite or irritate.”